[Cite as *State v. Dugas*, 2021-Ohio-731.]

# IN THE COURT OF APPEALS OF OHIO
## SECOND APPELLATE DISTRICT
## MONTGOMERY COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 28770 |
| | : | |
| v. | : | Trial Court Case No. 2019-CR-3532 |
| | : | |
| GREG LEE DUGAS | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 12th day of March, 2021.

. . . . . . . . . . .

MATHIAS H. HECK, JR., by ANDREW T. FRENCH, Atty. Reg. No. 0069384, Assistant Prosecuting Attorney, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, 301 West Third Street, Dayton, Ohio 45422
    Attorney for Plaintiff-Appellee

GREG LEE DUGAS, Inmate No. 775-096, Toledo Correctional Institution, P.O. Box 80033, 2001 East Central Ave., Toledo, Ohio 43608
    Defendant-Appellant, Pro Se

. . . . . . . . . . . . .

TUCKER, P.J.

{¶ 1} Appellant Greg Lee Dugas pleaded guilty to aggravated robbery in the Montgomery County Court of Common Pleas. Because a guilty plea waives all error for purposes of appeal except as related to the plea, his assignments of error attacking the trial court's failure to rule on discovery motions or to otherwise address discovery issues are without merit. The trial court's judgment will be affirmed.

**Facts and Procedural History**

{¶ 2} Dugas was indicted for aggravated robbery, grand theft of a motor vehicle, and petty theft. Dugas was appointed counsel, but he later informed the trial court he wanted to act as his own counsel. Following a hearing, Dugas's request was granted, he executed a waiver of counsel, and appointed counsel was designated as "stand-by counsel."

{¶ 3} Dugas filed two discovery motions, which were styled as follows: "Motion for Order to Prevent Spoilage of Evidence and to Compel Production of Evidence," and "Motion for Entry and Journalization of Specific Discovery Order." The trial court scheduled a hearing date on these discovery motions. But on the date of the scheduled hearing, Dugas accepted the State's plea offer that if he pleaded guilty to aggravated robbery, the State would dismiss the remaining counts and the trial court, with the court so consenting, would sentence him to a definite minimum prison term of three years and an indefinite maximum prison term of four and a half years. The trial court conducted a plea hearing in accordance with Crim.R. 11. At the conclusion of the hearing, Dugas pleaded guilty to aggravated robbery, and the trial court accepted the plea. Immediately thereafter, the trial court conducted a sentencing hearing and imposed the agreed-upon prison sentence. This pro se appeal followed.

**Analysis**

**{¶ 4}** Dugas asserts three assignments of error:

> THE TRIAL COURT COMMITTED ERROR BY UTTERLY FAILING TO RECEIVE – AND TAKE COGNIZANCE OF – THE DEFENDANT'S PRO SE "MOTION TO COMPEL/DISMISS", <u>AFTER</u> THE COURT DULY ACCEPTED A PRO SE WAIVER OF COUNSEL AND GAVE THE DEFENDANT FULL, PRO SE FILING RIGHTS[.]

> THE TRIAL COURT COMMITTED ERROR BY FAILING TO TAKE UP AND ADJUDICATE THE INTRINSIC MERITS OF THE DEFENDANT'S PRO SE "MOTION TO COMPEL/DISMISS"[.]

> THE TRIAL COURT COMMITTED ERROR BY FAILING TO ORDER PRODUCTION OF REQUISITE BRADY MATERIALS[.]

Since the assignments of error are interrelated, they will be discussed together.

**{¶ 5}** "A plea of guilty is a complete admission of guilt." *State v. Leonard*, 2d Dist. Montgomery No. 27411, 2017-Ohio-8421, ¶ 13, citing *State v. Faulkner*, 2d Dist. Champaign No. 2013-CA-43, 2015-Ohio-2059, ¶ 9. As such, "a guilty plea waives all appealable error * * * except to the extent that the errors precluded the defendant from knowingly, intelligently, and voluntarily entering his * * * guilty plea." *Id.*, citing *State v. Frazier*, 2016-Ohio-727, 60 N.E.3d 633, ¶ 81 (2d Dist.). Dugas's guilty plea to aggravated robbery waived any error for appeal regarding the trial court's handling of discovery issues. Given this waiver, Dugas's assignments of error are overruled.

**Conclusion**

**{¶ 6}** The judgment of the Montgomery County Common Pleas Court is affirmed.

. . . . . . . . . . . . .

DONOVAN, J. and WELBAUM, J., concur.

Copies sent to:

Mathias H. Heck, Jr.
Andrew T. French
Greg Lee Dugas
Hon. Susan D. Solle